**Edgar H. SMITH, Plaintiff—Appellant,**

v.

**William SCHMIDT, County Prosecutor, Bergen County New Jersey; et al., Defendants—Appellees.**

No. 01–57026.

D.C. No. CV–01–07042–GHK(CT).

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 22, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Edgar H. Smith appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action for improper venue. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir.2001), we reverse and remand.

Smith alleged that a County Prosecutor from Bergen County, New Jersey and an Assistant District Attorney from San Diego County, California deprived him of due process when they provided certain documents to the California Department of Corrections ("DOC") for use at his December 2000 parole hearing. The district court concluded that venue was improper in the Central District of California because neither defendant resided in that district, *see* 28 U.S.C. § 1391(b)(1), and because the documents were delivered to DOC in Sacramento, which is located in the Eastern District of California, *see id.* § 1391(b)(2).

However, Smith alleged that his parole hearing was held at the California Men's Colony State Prison, in San Luis Obispo, California. Because Smith alleged that the "locus of the injury" was the parole hearing, which occurred in the Central District of California, venue was proper under 28

U.S.C. § 1391(b)(2). *See Myers*, 238 F.3d at 1075–76.

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.